Hillsborough, &#125;
Dec. 3, 1918. &#125;.

### CHARLES OULETTE *v.* THE J. H. MENDELL ENGINEERING AND CONSTRUCTION COMPANY.

An instruction to the effect that under Laws 1911, *c.* 163 servants no longer assume the risks incident to their employment if such employment is within the statutory classification, is not open to the objection that such language implies that the plaintiff may recover without proof of fault on the defendant's part or that contributory negligence is not a defence.

If there is danger that an instruction though technically correct might mislead jurors unacquainted with legal phraseology, further instructions should be requested; a mere exception to such an instruction as given cannot avail.

CASE, for negligence, under Laws 1911, *c.* 163. Trial by jury and verdict for the plaintiff.

The plaintiff and a fellow-servant, Matteau, were laying a mill floor, and having occasion to remove a spike from a plank, laid the plank across some floor timbers and the plaintiff stood upon one end to hold the plank while Matteau struck a blow to remove the spike from the opposite end. The blow was so struck as to dislodge the plank and cause the plaintiff to fall. Upon cross-examination the plaintiff testified, "The only thing I know about the blow is when Mr. Matteau struck it I was thrown to the floor." Upon redirect, he was asked, "You know that he did not strike straight upon the spike?" and answered: "I know he didn't; he didn't hit a direct blow; he hit the plank on the side and caused it to swerve; otherwise the plank would have remained where it was, if a straight, direct blow had been given."

The defendant's motion for a directed verdict was denied subject to exception, and the following instruction to the jury was also excepted to: "Since that act [Laws 1911, *c.* 163] was passed, servants no longer assume the risks incident to their employment, when that employment comes within the classification which this statute covers."

Transferred from the January term, 1918, of the superior court by *Sawyer*, J.

*Cyprien J. Belanger* and *James E. Banigan*, for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Wilson* orally), for the defendant.

PEASLEE, J. The motion for a directed verdict rests upon the claim that there is no evidence that the plaintiff's fellow-servant negligently struck such a blow as to dislodge a plank on which the plaintiff was standing. But the substance of the plaintiff's testimony being that the plank would not have been disturbed if the blow struck had been a proper one, the defendant's contention cannot be sustained. "The inference from an effect to the existence or operation of a cause is usually so proper as to be unquestionable." Wig. Ev., *s.* 436 (2).

The instruction to which exception was taken states the law as it has heretofore been understood in this state. *Nawn* v. *Railroad,* 77 N. H. 299, 305; *Cantin* v. *Company,* 78 N. H. 72, 75. It is now urged that the instruction is erroneous because it gave the jury to understand that contributory negligence is not a defence, because it took from the defendant the application of the doctrine of assumption of risk in particulars not described in or covered by the statute, and because it implied that there might be a recovery without showing the defendant to be in fault.

It has not been the customary use of legal terms in this state to speak of the negligence of the plaintiff as a risk which he assumes. Assumption of risk, as here used, implies the existence of a cause outside the plaintiff. It is used in reference to fault on the part of another, and as an answer to a claim that the defendant is chargeable with such fault as a breach of a duty owed to the plaintiff. At common law, when the plaintiff shows the negligence of a fellow-servant, the defendant relies upon the legal proposition that such risk was assumed or taken on, by the plaintiff. But when the negligence of the plaintiff is shown, the defendant does not add an inference of law that the plaintiff assumed the risk of his own dereliction from duty. Being his already, it is difficult to see how it could be taken on by him. He cannot assume that which he created. As it is his by origin, there is no occasion to resort to a legal fiction and treat it as his by adoption. In short, assumption of risk, as used in the law of master and servant, relates solely to faults of which the plaintiff makes complaint. It is a defence, not a part of the plaintiff's case; and it is so stated in the principal case relied upon by the defendant. *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492, 503.

*International Cotton Mills* v. *Pernod,* 244 Fed. Rep. 723, is also relied upon to show that the instruction is erroneous in this respect, since "the risk of injury from his own failure to exercise such ordinary care as is necessary to avoid an obvious danger arising in the progress

of the work is a risk still assumed by the employee." *Ib.* 725. While the result there reached is in accordance with our own interpretation of the statute, the reason given therefor is not. As before stated, the plaintiff's negligence bars a recovery because it is his primarily, and not because he assumes it.

It is suggested that the statute does not abolish the assumption of known and ordinary risks, and that the instruction is erroneous for this reason. It has been said that "servants assume the risk of dangers incident to those conditions of their master's instrumentalities only in respect to which he owes them no duty." *Goodale* v. *York*, 74 N. H. 454, 455. The lack of legal duty in such a case arises from the plaintiff's knowledge of the situation, and the legal fiction that he agrees to assume the risk of faults of which he knows. *Olney* v. *Railroad*, 71 N. H. 427, 431. The whole theory presupposes fault on the part of the defendant, otherwise there is nothing for the plaintiff to assume by his implied contract.

It is possible of course to come to the defendant's conclusion as to the meaning of the statute by an inverse application of the statement in *Goodale* v. *York, supra*, — to conclude that as the master owes his servants no duty as to risks which they assume, therefore as to such risks he is not negligent, and since there is no negligence, assumption of the risk is not abolished by the statute. Such reasoning runs counter to the well settled rule that "Assumption of risk is purely a matter of contract" (*Olney* v. *Railroad, supra*), and would also nullify the provision of the statute. When the legislature declared that as to any defect in instrumentalities caused by the master's negligence "the workman shall not be held to have assumed the risk" (Laws 1911, *c.* 163, *s.* 2), it meant to change the existing law. There was no legislative understanding that the doctrine of assumption of risk would be applied as before because of a theory that where the risk is assumed there is no breach of duty, or negligence, on the part of the defendant. It was understood that assumption of risk is matter in defence, as before indicated, and the statute is to be given effect accordingly.

If it were conceded that this legislative conception was erroneous, it would not affect the result. In certain cases based upon negligence the plaintiff "shall not be held to have assumed the risk." This means that in such suits the rights of the parties are to be settled as they would be at common law, with the doctrine of assumption of risk eliminated. Whether the true theory is that this abolishes a theretofore implied release by the servant of an existing fault of the

master, or that abolishing the servant's implied contract creates a situation giving rise to a theretofore non-existent duty of the master, is immaterial here. The legislative mandate being that the doctrine of assumed risk shall not apply, it is the duty of the court to determine the rights of the parties as though that doctrine had never existed, rather than to defeat the legislative intent by so interpreting the discarded doctrine as to retain it in force and nullify the statute. There is no merit in the contention that the subtleties of the doctrine are so deep that the legislature cannot abolish it by the use of plain language.

Abolition of this defence does not create liability where no fault is proved. It does not make the employer an insurer. The suggestion that this instruction might be taken by the jury to mean that the plaintiff could recover for an injury arising from an ordinary risk, and without any fault of the master being shown, is not well founded. The plaintiff does not assume "the risks incident to" his employment; *non constat* that the defendant is liable for those risks. The instruction merely tells the jury what will not defeat the plaintiff's case. It does not say that lack of a defence makes a case for the plaintiff. The question here relates to the legal accuracy of the instruction given, and not to its sufficiency to cover the whole case. The case reports merely an excerpt from the charge, and it is to be presumed that the jury were also instructed that the defendant's fault must be shown. *Haskell* v. *Railway*, 73 N. H. 587. But if this is not assumed to be true, the defendant is no better off. If the reported instruction is to stand alone it is a correct statement of the law because the term "risks of the employment" or "risks of the service" is commonly used to describe situations involving a dereliction from duty, rather than the chances which remain after ordinary care has been used to make the situation a safe one. It is the chance of injury arising out of some want of care. "The servant has agreed to bear, and is paid for bearing the risks incident to the service; the stranger has not made such an agreement, and is not paid for bearing such risks." *Fifield* v. *Railroad*, 42 N. H. 225, 239. Of course the ordinary dangers of the situation, remaining in spite of the exercise of due care, are in a sense assumed by the servant and the stranger alike. But these are not "the risks incident to the service" to which reference is made when the law as to a servant's assumption of risks is stated. The instruction is technically correct. If there was danger that it might mislead jurors unacquainted with legal phraseology, the defendant should have asked for further instructions. See *Simoneau* v. *Railway*,

78 N. H. 363. A mere exception to the instruction given cannot avail. *Nadeau* v. *Sawyer*, 73 N. H. 70, 71, and cases cited.

While it is true that a statute may merely limit this defence, as the federal act considered in *Seaboard Air Line Ry.* v. *Horton*, 233 U. S. 492 does, it may be wholly abolished by legislative action. And the latter result may be accomplished by a general declaration to that effect or by an enumeration of instances which includes all possible cases for its application. The defence is here abolished as to all injuries growing out of "any cause specified in this section." As this suit is brought under the statute, it is of necessity for one of the faults enumerated therein, as to all of which this defence has been taken away.

The instruction is not open to the objection that it implies that the plaintiff may recover without proof of fault on the defendant's part. Neither does it declare that contributory negligence is not a defence. It merely states in short form the effect of the statute as held in *Nawn* v. *Railroad*, 77 N. H. 299. In suits under the statute assumption of risk has been abolished.

*Exceptions overruled.*

All concurred.